11th Court of Appeals
Eastland, Texas
Memorandum Opinion
 
John Douglas Simmons
            Appellant
Vs.                  No. 11-03-00353-CV – Appeal from Midland County
Alan Thompson et al
            Appellees
 
            John Douglas Simmons filed a notice of appeal on October 21, 2003, and paid the required
filing fee. When the clerk’s record was not filed by the original due date, this court extended the
time for filing. The clerk of the trial court has informed this court in writing that Simmons has
neither requested nor paid for the clerk’s record.
            On November 10, 2003, the clerk of this court wrote appellant notifying him that, unless he
requested and paid for the clerk’s record within 15 days and unless he furnished proof of payment
to this court within 15 days, the appeal would be dismissed. The only response to the November 10
letter has been appellees’ motion to dismiss, filed in this court on November 19, 2003.
            In their motion, appellees contend that appellant’s notice of appeal was not timely filed
because appellant filed his motion for new trial in the wrong cause number or because, if the motion
for new trial extended the time in the present cause number, appellant filed his notice of appeal 105
days after the date the judgment was signed. Appellees further contend that, if the motion for new
trial did extend the appellate timetable, appellant has neither filed a motion for extension of time nor
provided a reasonable explanation so that this court may apply the holding in Verburgt v. Dorner,
959 S.W.2d 615 (Tex.1997), and find that appellant has timely perfected his appeal. Appellant has
not responded to this court’s request that he file a response to the motion to dismiss.
            The appellees’ motion to dismiss is granted. Appellant’s notice of appeal is not timely, and
appellant has failed to file either a timely motion for extension of time or a reasonable explanation
for his failure to timely file his notice of appeal. TEX.R.APP.P. 26.1 & 26.3; Verburgt v. Dorner,
supra. Moreover, the failure to file the clerk’s record is due to appellant’s actions. TEX.R.APP.P.
37.3(b).
            The appeal is dismissed.
 
                                                                                    PER CURIAM
 
December 11, 2003
Not designated for publication. See TEX.R.APP.P. 47.2(a).
Panel consists of: Arnot, C.J., and Wright, J.

McCall, J., not participating.